

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2006

# Hamm v. Rendell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3016

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hamm v. Rendell" (2006). *2006 Decisions.* Paper 1646.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1646

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3016
_____

ANCELL HAMM,
Appellant

v.

EDWARD RENDELL, GOVERNOR OF PENNSYLVANIA;
MICHAEL FISHER, ATTORNEY GENERAL OF PENNSYLVANIA;
JEFFREY A. BEARD, SECRETARY OF CORRECTIONS; NEAL MECHLING,
SUPERINTENDENT AT SCI-Pittsburgh, on 27 June 2003;
CO-I YONLISKY, SCI-PITTSBURGH; CO-I GEORGE, SCI-PITTSBURGH;
CO-I PEER, SCI-PITTSBURGH; LIEUTENANT BLAKEY, SCI-PITTSBURGH;
CP-IV TEETER, SCI-PITTSBURGH; WILLIAM S. STICKMAN, SUPERINTENDENT
AT SCI-PITTSBURGH; CO-II SERGEANT COOPER, SCI-PITTSBURGH;
CO-IV CAPTAIN COLE, SCI-PITTSBURGH; SHELLY MANKEY, SCI-
PITTSBURGH;  JAMES META, FOOD SERVICES MANAGER, SCI-PITTSBURGH;
ROBERT S. BITNER, CHIEF HEARING EXAMINER FOR PA. CORRECTIONS;
TONYA EDWARDS, MAILROOM DEPARTMENT SUPERVISOR, SCI-
PITTSBURGH

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-01770)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed February 2, 2006)

_____

OPINION

_____

PER CURIAM

Ancell Hamm Appeals the District Court's order dismissing his complaint under 28 U.S.C. § 1915A. For the following reasons we will affirm in part, vacate in part, and remand for further proceedings.

Hamm is a Pennsylvania state prisoner serving two consecutive life sentences for murder. According to Hamm, because he did not comply with prison regulations requiring outgoing envelopes to bear an indication that the sender was a DOC inmate, certain of the defendants confiscated envelopes found in his cell and mail he attempted to send to Germany, and subjected him to wrongful disciplinary proceedings. Accordingly, in 2003 he filed a civil rights action alleging that certain defendants conducted a random cell search in violation of prison regulations (Count III); unlawfully read his outgoing mail and confiscated mail he tried to send to Germany as well as envelopes in his cell (Counts IV and V); and conspired to issue a wrongful misconduct based on his alleged failure to comply with mail regulations and otherwise violated his rights with regard to that misconduct and its attendant proceedings (Counts II, VIII, IX, X and XI). He also complains that the defendants failed to provide mail service on Saturdays (Count VI); confiscated from the incoming mail a "Ruger Fine Firearms Catalog" and "Ammunition Manufactures [sic] Product & Service Directory" without providing due process, and

2

improperly returned to sender Hamm's "Karl Zeiss Optikal Catalogue depicting Zeiss Riflescopes" (Counts VII and XII). Hamm also alleges that these alleged violations of his rights all occurred due to the failure of defendants Rendell, Fisher, Beard and Mechling to train the remaining defendants (Count I), and that by preventing him from seeking to obtain "scientific information" from various companies, the defendants have hampered his pursuit of a pending state habeas corpus action challenging his convictions. Finally, Hamm includes RICO and obstruction of justice allegations against certain of the defendants (Count IX).

On his complaint form Hamm checked the affirmative box next to the question inquiring whether there is a grievance procedure at the prison and the negative box next to the question asking whether he had "present[ed] the facts relating to your complaint" in that procedure. As a result, the defendants moved to dismiss for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Hamm responded that he had, in fact, exhausted available remedies.

Rather than resolving this dispute, the Magistrate Judge recommended dismissing Hamm's complaint as meritless under the screening provisions set forth in 28 U.S.C. § 1915(A). The Magistrate Judge found that requiring prisoners' outgoing mail to bear a notice indicating that the sender is a DOC inmate does not violate Hamm's First Amendment rights. He also concluded that prisoners do not have a constitutional right to mail service on Saturdays or to possess weapons-related catalogs, and that Hamm's First Amendment rights were not violated when the defendants read his outgoing mail. The

3

Magistrate Judge rejected Hamm's due process arguments concerning the confiscation of his mail pursuant to Hudson v. Palmer, 468 U.S. 517 (1984), because Pennsylvania provides adequate post-deprivation remedies, and summarily rejected his challenge to the misconduct proceedings pursuant to Sandin v. Conner, 515 U.S. 472 (1995). The Magistrate Judge found no merit in Hamm's access to the courts claim because Hamm has not shown how the defendants' actions resulted in an actual injury to his state habeas corpus action, noting that the action was likely frivolous because the only avenue for relief under state law is the PCRA, not habeas corpus. Finally, the Magistrate Judge summarily rejected Hamm's contention that the defendants' actions violate 18 U.S.C. §§ 1506, 1701 et seq., and 1961 et seq., as well as the Homeland Security Act, and, having deemed all of Hamm's underlying claims meritless, rejected his failure to supervise claims on that basis.

Hamm filed objections, but the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the complaint. This appeal followed.[1]

## I

The District Court dismissed Hamm's complaint under section 1915A. However,

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005); Shakur v. Selsky, 391 F.3d 106 (2d Cir. 2004). When reviewing dismissal of a complaint for failure to state a claim, we accept the allegations in the complaint as true and do not affirm unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).

that is a screening provision, pursuant to which the court is directed to examine the complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A. Here, the Magistrate Judge did not address Hamm's complaint until eighteen months after he filed it, by which time the defendants had moved to dismiss on different grounds (failure to exhaust). Thus, if dismissal under the PLRA were appropriate, it is arguable that the court should instead have dismissed the complaint under 42 U.S.C. § 1997e(c)(1) (providing for dismissal of a complaint as frivolous, malicious, or failing to state a claim), which, unlike section 1915A,[2] applies throughout the proceedings. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110 n.11 (3d Cir. 2002).[3]

We need not resolve that issue here, however, because either way our review of the dismissal of Hamm's complaint entails the same analysis. Enactment of the PLRA did not alter our long-standing rule that a court should not dismiss a complaint for failure to state a claim without first providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000) (section 1997e(c)(1)); Grayson, 293 F.3d at 110-111 (section 1915(e)(2)); Davis v. Dist. of

---

[2] "Section 1915A requires the district court to dismiss a case sua sponte if, in reviewing the complaint before the defendant answers, the court finds that the complaint fails to state a claim upon which relief could be granted." Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998) (emphasis added).

[3] Dismissal under § 1915(e)(2) was not an option because Hamm paid the filing fee. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110 n.10 (3d Cir. 2002).

5

Columbia, 158 F.3d 1342, 1349 (D.C.Cir.1998) (section 1915A). Here the District Court did not enquire whether it should provide Hamm leave to amend. Because there is no suggestion in the record of bad faith, undue delay or prejudice, we will affirm only if we agree with the District Court that Hamm has failed to state a claim and determine that he could correct that failure through amendment.[4]

## II

For substantially the reasons given by the Magistrate Judge, we agree with the District Court that Hamm has not stated a claim with regard to his RICO allegations and due process allegations concerning the confiscation of various items from his cell, and conclude that amendment as to those allegations would be futile. To that extent, we will affirm the judgment of the District Court.

## III

Hamm's remaining claims center on two groups of issues: denial of his First Amendment rights as a result of allegedly improper mail inspections, intrusive mail regulations, etc., and the denial of due process in the related misconduct proceeding. With regard to prison policy or actions affecting Hamm's incoming mail, the court should have applied the test set forth in Turner v. Safley, 482 U.S. 78 (1987), and considered

---

[4] The appellees argue that we could affirm on the alternative grounds that Hamm has not exhausted administrative remedies. However, although Hamm initially stated in his complaint that he has not exhausted available remedies, he argued the opposite at length in response to the defendants' motion to dismiss. The Magistrate Judge declined to consider this dispute, which we cannot readily resolve based on the record before us. The matter is best addressed in the first instance by the District Court.

whether there was a valid, rational connection between the prison regulation and a legitimate governmental interest, whether there are alternative means of exercising the right, the effect of accommodation of the right on the prison generally, and whether there are ready alternatives. Nasir v. Morgan, 350 F.3d 366, 371-372 (3d Cir. 2003). As for Hamm's outgoing mail, the court should have applied the test set forth in Procunier v. Martinez, 416 U.S. 396 (1974), and considered whether the regulation furthers an important or substantial government interest unrelated to the suppression of expression and whether the regulation is no more intrusive than is necessary to protect that interest. Nasir, 350 F.3d at 374. The District Court applied neither test to Hamm's claims. Although some of those claims seem unlikely to succeed – the First Amendment does not seem to require prisons to provide mail service on Saturdays or to give prisoners the right to receive and possess weapons-related catalogs – given the record before us we are unwilling to conclude that, had the District Court applied the correct standards, the court would correctly have concluded that Hamm failed to state a claim with regard to all of his First Amendment claims and could not correct that failure through amendment.

As for Hamm's due process claims related to the misconduct, analysis under Sandin is fact-specific: courts must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003). Where, as here, the District Court does not engage in the requisite factual inquiry, we remand for development of the record. Id. 533.

Accordingly, we will vacate the judgment of the District Court with regard to these

two sets of claims and remand for further proceedings.  Of course, should the District Court agree with the appellees that Hamm has failed to exhaust administrative remedies with regard to these claims, it need not reach the merits at all.  <u>See</u> 42 U.S.C. § 1997e(a). We express no opinion on whether these claims are exhausted or meritorious.