

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# Perez v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1199

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Perez v. USA" (2008). *2008 Decisions.* Paper 1366.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1366

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1199

MIKE PEREZ,

Appellant

v.

UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cv-1944)
District Judge:  Honorable Christopher C. Conner

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 28, 2008)

OPINION

PER CURIAM

      Mike Perez appeals from the order of the U.S. District Court for the Middle

District of Pennsylvania granting summary judgment to the United States.  For the

following reasons, we will vacate the judgment of the District Court and remand for

further proceedings.

Perez, a former inmate at FCI-Schuylkill, filed suit under the Federal Tort Claims Act ("FTCA") in 2004 alleging that prison officials were negligent when he had an asthma attack while he was housed in the Segregated Housing Unit ("SHU"). Perez, who has a history of asthma, claims that it was very hot in his cell in the early morning hours of August 16, 2003, and that an additional inmate, who was intoxicated and started smoking cigarettes, was added to Perez' cell. Perez claims that he could not breathe and that he vomited due to the extreme heat, lack of ventilation, and close quarters. He requested medical attention, but an officer told him no doctor or physician's assistant was available.[1] Instead, officers placed him in the shower with the fan on, which, as Perez testified at his deposition, "seemed to work." After an hour, Perez was taken back to his cell against his wishes. He claims that he still suffered from asthma symptoms at that time, that he continued to try to attract the attention of officers on duty, and that the officers should have summoned medical personnel to the SHU to help him. He claims to have suffered headaches, nausea, weakness and a sore back from his acute attack.

The physician's assistant made rounds at about 10 a.m. the morning after Perez' 2:30 a.m. attack, but no interaction with Perez is reflected in the medical records. Perez testified at his deposition that he did not see the physician's assistant until the day after his attack (August 17), and that the physician's assistant told him that the officers should

---

[1] The United States submitted affidavits of two responding officers who stated that it did not appear as though Perez was having difficulty breathing.

have called the doctor when Perez had the attack.[2]

Perez had been prescribed medications by the prison medical staff, an Albuterol inhaler and Montelukast tablets, and these prescriptions had recently been refilled, but he claims that the medication and inhaler did not alleviate his symptoms that night. He asserts that he needed to be on an Albuterol machine in the medical unit, and that he was in need of steroids the next day to get himself back to a normal state of breathing, neither of which he had since he did not receive medical attention. He alleges that he now suffers from psychological problems such as bad dreams and feelings of helplessness, from suffering what he feared would be a fatal asthma attack in a cell with unresponsive personnel.

The United States filed a motion for summary judgment and discovery commenced. In a reply brief to Perez' opposition to summary judgment, the United States asserted that the injuries claimed by Perez at his deposition–nightmares–did not constitute a "prior showing of physical injury" as required under 28 U.S.C. § 1346(b)(2) and 42 U.S.C. § 1997e(e) to claim mental or emotional damages. The court agreed and granted summary judgment to the United States on that ground. The court denied Perez' subsequent motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Perez appealed.

We employ a plenary standard of review of the District Court's order granting

---

[2] An affidavit by the physician's assistant states that the records reflect that he did not have any contact with Perez on his rounds on August 16. It does not address August 17.

summary judgment. <u>See</u> <u>Camiolo v. State Farm Fire and Cas. Co.</u>, 334 F.3d 345, 354 (3d Cir. 2003). We review the denial of Perez' motion under Rule 59(e) for an abuse of discretion. <u>See</u> <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 673 (3d Cir. 1999).

First, it is unclear why the District Court did not consider whether the immediate physical effects from the asthma attack itself would have constituted a "prior showing of physical injury" under the statute, but it did not. <u>See</u> <u>Munn v. Toney</u>, 433 F.3d 1087 (8th Cir. 2006) (prisoner's allegations and testimony of headaches, cramps, nosebleeds, and dizziness while prison missed prescribed blood pressure screenings sufficient to overcome § 1997e bar); <u>cf.</u> <u>Davis v. District of Columbia</u>, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (physical manifestations of emotional injury do not qualify as "prior" physical injuries). In its brief, the United States asserts that Perez only identified bad dreams as his injuries. While the United States is correct that Perez claims only damages for mental or emotional distress, it is wrong that Perez never identified other physical injuries that occurred as a result of the alleged asthma attack. At the deposition, Perez stated that he was dizzy, weak, nauseous, and had a headache immediately after the attack, and that he had back pain from coughing for a couple of days. (<u>See</u> Plaintiff's Opposition to Motion for Summary Judgment, attached as Exhibit 1, at p. 53-54.) Just because Perez is not claiming damages specifically from those physical injuries does not mean that his allegations of them cannot be considered as a showing of a physical injury for the purposes of the statute. <u>See</u> 28 U.S.C. § 1346(b)(2).

Moreover, we note that the United States did not raise this defense in the District

4

Court until its reply brief to Perez' opposition to summary judgment. Perez had no viable opportunity to respond to the United States' argument at that point because the Federal Rules of Civil Procedure do not provide a right to file a sur-reply.[3] Even when Perez attempted to rebut the argument in his motion to alter or amend, the United States contended that the argument was improper and that Perez changed his position on his injuries because at his deposition Perez only identified bad dreams as his injuries. We do not agree; as we pointed out above, Perez stated at his deposition that he suffered from headaches, weakness, back pain and nausea immediately after the attack.

We will vacate the District Court's order and remand for the court to assess whether Perez' showing of physical injuries is sufficient to meet the statutory criteria of 28 U.S.C. § 1346(b)(2) and 42 U.S.C. § 1997e(e). Cf. Mitchell v. Horn, 318 F.3d 523, 536 (3d Cir. 2003) (on appeal from dismissal upon motion to dismiss, remanding for District Court to decide whether physical injuries met criteria of 28 U.S.C. § 1997e(e)). We offer no opinion on the underlying merits of Perez' claims.[4]

---

[3] The United States raised the "prior showing of physical injury" defense in only the briefest of terms, and while Perez filed a response to the United States' reply, he apparently overlooked or did not respond to this unadorned argument.

[4] We note that Perez filed a post-judgment motion regarding fees in the District Court, which remains outstanding.

5