Judgment vacated; case remanded for dismissal with leave to amend.

**Frederick Douglas PLUMMER,**
**Appellant**

**v.**

**MAYOR, DISTRICT OF COLUMBIA and D.C. Department of Corrections/Fraternal Order of Police, Appellees.**

**No. 08–7128.**

United States Court of Appeals,
District of Columbia Circuit.

March 18, 2010.

Before: SENTELLE, Chief Judge, TATEL, Circuit Judge, and RANDOLPH, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be vacated, and that the case be remanded for dismissal with leave to amend.

Frederick Plummer appeals from the district court's dismissal of his *pro se* complaint for lack of jurisdiction. His complaint alleged that while he was incarcerated at the District of Columbia Jail, his cellmate threatened to kill him and spit in his face, and that Plummer feared that he had been infected with a disease. He claimed that the Department of Corrections negligently placed the "mentally unstable" prisoner in his cell and refused to provide medical attention until two days after the incident.

The defendants—the Mayor of the District of Columbia and the D.C. Department of Corrections—moved for dismissal, or, in the alternative, for summary judgment. The motion presented several grounds: Plummer had not exhausted his administrative remedies, he had not effected proper service, and he had not sued the proper parties. The district court dismissed the complaint, *sua sponte*, for lack of subject matter jurisdiction. The court's memorandum opinion indicated that the complaint asserted "only a negligence claim, which arises under common law, not under federal law." The dismissal was without prejudice, but was also without leave to amend. We appointed amicus curiae to present arguments on Plummer's behalf.

■ Amicus argues that the complaint implicitly invoked the Eighth Amendment and thus the court's federal question jurisdiction. But, as Amicus concedes, the complaint fails to allege at least one element of an Eighth Amendment claim: that the violation came as a result of a municipal policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because the complaint does not state a claim on which relief can be granted, the district court was required to dismiss it under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b)(1), regardless of whether it raised the Eighth Amendment.

■ The only question is whether the district court should have given Plummer an opportunity to amend his complaint. Circuit precedent holds that a *sua sponte* dismissal of a complaint for failure to state a claim without leave to amend is error unless "the claimant cannot possibly win relief." *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 377 (D.C.Cir.2000) (*quoting Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.Cir.1998)). "This will be the case either when the facts alleged affirmatively preclude relief, or because, even though plaintiff makes clear that he has facts to add to his complaint, he would not have a claim upon which relief could be granted even with those facts." *Id.* (internal quotations omitted). Plummer's prospects may be dim, but his case does not fall within either category. While the allegations are incomplete, they do not contradict his Eighth Amendment theory, and Plummer has not yet had a chance to make clear what allegations he would add to his complaint. We therefore

vacate the district court's order dismissing the case without prejudice and remand for the district court to dismiss with leave to amend.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.