JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and motion to “save evidence and investigate” filed by the appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s orders issued September 2, 2009, and October 9, 2009, be affirmed. The district court properly dismissed the appellant’s complaint for damages and in-junctive relief pursuant to 28 U.S.C. *28 § 1915A(b)(l). The claims of prosecutorial misconduct in the appellant’s complaint, if successful, would have a probabilistic effect of invalidating his conviction; therefore, he must first demonstrate that his conviction has been reversed on direct appeal, expunged by executive order, or called in question by a federal court’s issuance of a writ of habeas corpus. See Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373-76 (D.C.Cir.2000); see also Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (applying Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), to bar a state prisoner’s claims for declaratory and injunctive relief in addition to money damages). To the extent that the appellant seeks injunctive relief to compel the Attorney General to investigate his claims of prosecutorial misconduct, the appellant failed to state a claim for such relief because the Attorney General has prosecuto-rial discretion to determine whether to investigate any alleged misconduct by federal prosecutors. See 28 U.S.C. § 526(a)(1) (“The Attorney General may investigate ... the United States attorneys ... ”) (emphasis added); see also United States v. Nixon, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (“[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.”). The district court did not err in denying the appellant’s motion for leave to amend the complaint because he “cannot possibly win relief’ on his claims of prosecutorial misconduct. See Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C.Cir.1998). It is
FURTHER ORDERED that the motion to “save evidence and investigate” be dismissed as moot.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.