**Freddie Lee FOUNTAIN, Appellant**

**v.**

**UNITED STATES of America, Appellee.**

**No. 15–5219.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 20, 2015.

Freddie Lee Fountain, Tennessee Colony, TX, pro se.

Warden, Tennessee Colony, TX, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: BROWN, SRINIVASAN, and WILKINS, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's June 2, 2015 order, dismissing appellant's com-

plaint for failure to state a claim upon which relief may be granted, be affirmed. *See* 28 U.S.C. § 1915A. The Attorney General's authority to control the course of government litigation is presumptively immune from judicial review, *Shoshone Bannock Tribes v. Reno,* 56 F.3d 1476, 1480 (D.C.Cir.1995), and appellant has not rebutted the presumption. This court has stated that the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment is not self-executing and creates no rights enforceable in U.S. courts. *Omar v. McHugh,* 646 F.3d 13, 17 (D.C.Cir.2011). Furthermore, the district court's dismissal of appellant's complaint without leave to amend was appropriate because it is clear appellant "cannot possibly win relief" under the facts and legal theories presented. *Davis v. District of Columbia,* 158 F.3d 1342, 1349 (D.C.Cir.1998) (internal quotation marks omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.