KAVANAUGH, Circuit Judge,
dissenting:
I would grant the motion for an injunction pending appeal.
Petitioner John Doe Company claims that it is being regulated by an unconstitutionally structured agency, the Consumer Financial Protection Bureau. The CFPB has issued binding rules that govern the Company’s conduct, and the CFPB can bring enforcement actions against the Company for violations of those rules (or of statutes). Under the Supreme Court’s and this Court’s precedents, the Company as a regulated entity has standing to raise its free-standing constitutional claim, and the claim is ripe. The Company need not *1136 wait for a CFPB enforcement action in order to raise the constitutional challenge. See Free Enterprise Fund v. Public Company Accounting Oversight Board, 561 U.S. 477, 490, 130 S.Ct. 3138, 177 L.Ed.2d 706 (2010); Abbott Laboratories v. Gardner, 387 U.S. 136, 152-53, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); State National Bank of Big Spring v. Lew, 795 F.3d 48, 53-54 (D.C. Cir. 2015). “To use the Supreme Court’s words, we ‘normally do not require plaintiffs to bet the farm’ by violating the law in order to challenge the constitutionality of the regulating agency.” State National Bank of Big Spring, 795 F.3d at 54 (quoting Free Enterprise Fund, 561 U.S. at 490, 130 S.Ct. 3138 (internal quotation marks omitted)). Indeed, this Court has already held that a business may bring a stand-alone constitutional challenge to the structure of the CFPB — and that case is now pending in the U.S. District Court for the District of Columbia. See id. at 53-54.
In order to obtain a preliminary injunction or injunction pending appeal, the Company must show, as relevant here, (i) a likelihood of success on the merits and (ii) irreparable harm.
In my view, the Company has shown a likelihood of success on the merits of its constitutional claim, for reasons fully explained in this Court’s opinion in PHH Corp. v. CFPB, 839 F.3d 1 (D.C. Cir. 2016). The “CFPB’s structure violates Article II of the Constitution because the CFPB operates as an independent agency headed by a single Director.” Id. at 12. The CFPB’s structure as a single-Direetor independent agency with yast rulemaking and enforcement authority is unprecedented in American history. To be sure, the PHH case will soon be reheard by this Court en banc. But in my view, the CFPB’s structure is unconstitutional. And given the Supreme Court’s Article II precedents, I believe that the CFPB’s structure is likely to be ruled unconstitutional, whether by this Court sitting en banc or by the Supreme Court. The Company has shown a likelihood of success on the merits.
The Company also has shown irreparable harm. Irreparable harm occurs almost by definition when a person or entity demonstrates a likelihood that it is being regulated on an ongoing basis by an unconstitutionally structured agency that has issued binding rules governing the plaintiffs conduct and that has authority to bring enforcement actions against the plaintiff. See Gordon v. Holder, 721 F.3d 638, 653 (D.C. Cir. 2013) (“Although a plaintiff seeking equitable relief must show a threat of substantial and immediate irreparable injury, a prospective violation of a constitutional right constitutes irreparable injury for these purposes.”) (alteration and internal quotation marks omitted) (quoting Davis v. District of Columbia, 158 F.3d 1342, 1346 (D.C. Cir. 1998)); see also National Federation of Federal Employees-IAM v. Vilsack, 681 F.3d 483, 499 (D.C. Cir. 2012); Mills v. District of Columbia, 571 F.3d 1304, 1312 (D.C. Cir. 2009); Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 303-04 (D.C. Cir. 2006); cf. Free Enterprise Fund, 561 U.S. at 490-91, 130 S.Ct. 3138; Correctional Services Corp. v. Malesko, 534 U.S. 61, 74, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001).
The CFPB argues that, even if the agency is unconstitutionally structured under Article II, the remedy for the Article II violation would be to sever the for-cause removal provision, as PHH held. In that scenario, the CFPB would continue to regulate the Company, although the CFPB would do so as an executive agency instead of an independent agency. According to the CFPB, the Company therefore is not entitled to a preliminary injunction or injunction pending appeal to prevent the CFPB in its current form from regulating *1137 the Company now. The CFPB s analysis on this point is badly mistaken. Unless and until that remedy is put in place and the for-cause removal provision is actually severed from the statute, the Company will continue to be regulated on an ongoing basis by an unconstitutional agency. What the Company objects to is not merely regulation by the CFPB, but rather regulation by the CFPB in its current unconstitutional and unprecedented structure — namely, an independent agency headed by a single Director who is unaccountable to the President or to any fellow commissioners. A preliminary injunction would alleviate that ongoing harm.
The CFPB’s primary strategy to defeat the Company’s irreparable harm argument is deflection. The CFPB says there is no irreparable harm because other courts (the Central District of California and ultimately the Ninth Circuit) can entertain the Company’s constitutional arguments in a challenge to the civil investigative demand issued to the Company by the CFPB. The CFPB’s argument makes little sense, in my view. A party seeking a preliminary injunction in one court is not barred from obtaining the preliminary injunction simply because some other court might someday grant relief to that party. To be sure, if this Court lacked jurisdiction or statutory authority to hear this case at this time, we could not grant a preliminary injunction, But if this Court has jurisdiction and statutory authority to hear a case (as we do here, see Free Enterprise Fund, 561 U.S. at 489-91, 130 S.Ct. 3138), then a party’s claim of irreparable harm in the preliminary injunction context is not defeated by the mere fact that the party’s constitutional claims could also eventually be raised in another court.
Finally, the other two factors also support a preliminary injunction. The Company has shown that an injunction “is in the public interest” and that the “balance of equities tips in its favor. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The public interest is not served by letting an unconstitutionally structured agency continue to operate until the constitutional flaw is fixed. And in this circumstance, the equities favor the people whose liberties are being infringed, not the unconstitutionally structured agency.
I respectfully dissent from the Court’s denial of the motion for an injunction pending appeal.