**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1883
_____

WILLIAM A. WHITE,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-00291)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 31, 2025
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed January 16, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

William White, a federal prisoner proceeding pro se, appeals the District Court's

grant of summary judgment in favor of the United States. We will affirm.

I.

In 2017, William White filed a complaint under the Federal Tort Claims Act

(FTCA) against the United States in the Southern District of Illinois, alleging the

commission of numerous torts against him relating to the conditions of his confinement

in federal prison facilities throughout the country. In 2019, after White filed his operative

second-amended complaint, the Southern District of Illinois dismissed many of his claims

and transferred six of the remaining claims to the Western District of Virginia. The

Western District of Virginia severed White's remaining claims into three separate cases

and transferred the cases to each of the districts where the relevant conduct occurred.

White's FTCA claims for intentional and negligent infliction of emotional distress

relating to his incarceration at United States Penitentiary ("USP") Canaan were

transferred to the Middle District of Pennsylvania.

In the claims relevant here, White alleged that in 2015, while he was housed in a

transport unit at USP-Canaan, the unit was placed on a lockdown for a number of days[1]

and the inadequate heating system at the facility exposed him to freezing or near freezing

---

[1] The exact number of days is disputed—White alleges that the lockdown lasted about
seven days, while the government avers the lockdown lasted only two and a half days.

temperatures for the duration of the lockdown. He claimed that the freezing temperatures, along with the inadequate "snack packs" he was served three times a day instead of meals, triggered his Post-Traumatic Stress Disorder ("PTSD") and placed him in fear of his life.

White and the United States filed cross motions for summary judgment.[2] The Court granted the government's summary judgment motion as to White's intentional infliction of emotional distress ("IIED") claim, concluding that as a matter of law White's allegations did not meet "Pennsylvania's demanding requirements for IIED," and that White had not established intentional or reckless conduct on the part of the defendants.[3] As to White's negligent infliction of emotional distress ("NIED") claim, the Court determined that White had failed to establish that the conditions at USP-Canaan were the proximate cause of his injuries; however, the Court noted that White had been seeking a supplemental report from his expert witness, Dr. Samuels, and so the Court concluded that White should be allowed an extension of time to provide a supplemental expert report.

---

[2] At this point, the Court also determined that two of the claims that had been transferred to the Middle District of Pennsylvania concerned events that had taken place in Oklahoma, which led the Court to transfer those claims to their proper venue in the Western District of Oklahoma.

[3] On appeal, White does not challenge that ruling.

The case proceeded solely on White's NIED claim, and a period of discovery ensued. The parties again filed cross motions for summary judgment, pertaining to the sole remaining NIED claim. The District Court granted the government's motion and denied White's motion, and White's timely appeal followed. The matter has been fully briefed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment, *see Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985), and may affirm if there is no genuine issue as to material facts, and the moving party is entitled to judgment as a matter of law. *See id.* We may affirm on any ground apparent in the record. *See Hughes v. Long*, 242 F.3d 121, 123 n.1 (3d Cir. 2001).

## III.

The FTCA waives the federal government's sovereign immunity for torts committed by federal employees. *See* 28 U.S.C. § 1346(b)(1); *see also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). The Prison Litigation Reform Act ("PLRA") added a provision to the FTCA which bars a convicted felon who is incarcerated from bringing a civil suit "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 28 U.S.C. § 1346(b)(2).

The government argues that § 1346(b)(2) bars White's FTCA claim because he only showed a mental or emotional injury without the requisite showing of a physical injury. White contends that the exacerbation of his PTSD (for which he takes medication) is, itself, a physical injury and so he has a viable FTCA claim so long as he can establish that "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). We conclude that White failed to show a physical injury and his claim is thus barred by 28 U.S.C. § 1346(b)(2).

In *Terrafranca v. Virgin Atlantic Airways Ltd.*, when we considered whether a plaintiff, who experienced PTSD and anorexia, had alleged a "bodily injury" under Article 17 of the Warsaw Convention, we determined that she had articulated a "mere manifestation of fear or anxiety" and that her injuries were "purely psychic injuries that do not qualify as bodily injuries." 151 F.3d 108, 111-12 (3d Cir. 1998). Other Courts have reached similar conclusions when applying §1997e(e) of the PLRA—which, mimicking the language of § 1346(b)(2), limits recovery in prisoner civil actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." *See, e.g.*, *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (holding that a prisoner who claimed that he was "mentally and physically depressed" and "lost at least 50 pounds" did not establish that he experienced a physical injury pursuant to §1997e(e)); *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.

5

2001) (holding that a plaintiff who claimed he experienced "great and mental stress, due to the fear of his life" and "grave and emotional and mental depression" had only described mental or emotional injuries, not physical ones pursuant to § 1997e(e)); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (holding that a plaintiff whose psychiatrist asserted that he had experienced weight loss, appetite loss and insomnia had failed to establish a physical injury under § 1997e(e)); *see also White v. United States*, No. 21-6007, 2024 WL 3309752, at *1 (10th Cir. July 5, 2024) (non-precedential) (ruling, in related case, that White's PTSD did not qualify as a "physical injury" under § 1997e(e)).

The injuries White has alleged—the exacerbation of his PTSD and fearing for his life—do not meet the threshold of "physical injury" under 28 U.S.C. § 1346(b)(2), and his claim is therefore barred. We will therefore affirm the judgment, although, since the bar implicates the government's sovereign immunity, we will modify the judgment to dismiss the claim. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).[4]

---

[4] In his brief, White argues that he should have been provided further discovery. Because that discovery is not relevant to the dispositive issue we have discussed, White is not entitled to relief. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (requiring showing of prejudice to prevail on challenge to discovery procedures).