Michael ARMANO, Plaintiff,

v.

FEDERAL RESERVE BANK OF BOSTON, Defendant.

Civ. A. No. 78–782–C.

United States District Court,
D. Massachusetts.

March 30, 1979.

---

Oliver I. Ireland, Lawrence H. Stone, Boston, Mass., for defendant.

Michael S. Avratin, Avratin, Okstein & White, Wellesley, Mass., for plaintiff.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought in two counts by plaintiff Michael Armano against defendant Federal Reserve Bank of Boston. The first count alleges breach of contract for his employment by defendant. The second count alleges that defendant caused the plaintiff to suffer severe emotional dis-tress. The matter is now before the Court on defendant's motion for a judgment on the pleadings pursuant to Fed.Civ.P. 12(c) on both counts. Counsel have briefed and argued the matter.

■ For the purposes of a motion for judgment on the pleadings, all factual allegations of the complaint must be taken as true and the motion may be granted only if, on the factual allegations of the complaint, the moving party is clearly entitled to judgment. *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973); 2A Moore's Federal Practice ¶ 12.15 (2d ed. 1975).

In Count One of his complaint, plaintiff alleges that he was employed by defendant from January 31, 1968 until November 21, 1977, when the Bank terminated his employment in contravention of personnel policies and practices which plaintiff claims established a contract of employment between him and the Federal Reserve Bank. Even, assuming for the purposes of this motion, that such personnel rules and practices would otherwise constitute a binding employment contract, I rule such a contract is void and unenforceable under the Federal Reserve Act, 12 U.S.C.A. § 341.

The Federal Reserve Act sets forth the corporate powers of a federal reserve bank and provides in part that:

[A] Federal reserve bank . . . shall have power—Fifth. To appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this chapter, to define their duties, require bonds for them and fix the penalty thereof, *and to dismiss at pleasure such officers or employees.* (emphasis added)

The Act also gives Federal reserve banks the authority to exercise, not only the powers expressly granted therein, but also such incidental powers as shall be necessary to carry on the business of banking within the limitations prescribed. 12 U.S.C.A. § 341, Seventh.

■ Federal reserve banks derive their existence and corporate power from the

Federal Reserve Act under which they are organized. They have no greater powers than those expressly granted by this Act and those incidental powers "necessary to meet all the legitimate demands of the authorized business and to enable a bank to conduct its affairs within the general scope of its character, safely and prudently." *Federal Reserve Bank of Richmond v. Duffy*, 210 N.C. 598, 188 S.E. 82, 84 (1936). *Cf. Arnold Tours, Inc. v. Camp*, 472 F.2d 427, 431–32 (1st Cir. 1972) (defining incidental powers within the meaning of the National Bank Act, 12 U.S.C.A. § 24, Seventh.)

■ Plaintiff alleges in his complaint that he was terminated without just cause in violation of his contract with defendant. Clearly, a contract that binds the Bank by requiring just cause for dismissal prevents the Bank from exercising its express power to dismiss an employee at pleasure. By that provision, Congress clearly sought to protect Federal reserve banks from unnecessary restrictions in carrying out their financial responsibility. Neither the Act's express powers nor incidental powers thereto authorize federal reserve banks to bind themselves in employment contracts.

Judicial interpretation of a similar provision in the National Bank Act, 12 U.S.C.A. § 24, supports this conclusion. *Cf. Lucas v. Federal Reserve Bank of Richmond*, 59 F.2d 617, 620 (4th Cir. 1932) (making a similar comparison with respect to incidental powers sections). Section 24, Fifth of the National Bank Act has been construed as placing "the fullest responsibility upon the directors by giving them the right to discharge such officers at pleasure." *Copeland v. Melrose National Bank of New York*, 229 App.Div. 311, 241 N.Y.S. 429, 430, aff'd, 254 N.Y. 632, 173 N.E. 898 (1930). Consequently, a contract for a definite term precluding such discharge has been held to violate the statute, and, thus, unenforceable. *E. g., Kozlowsky v. Westminster National Bank*, 6 Cal.App.3d 593, 86 Cal.Rptr. 52 (1970); *Copeland v. Melrose National Bank of New York, supra*.

On the basis of the foregoing, I rule that an employment contract that restricts the Bank's statutory right to terminate at will is in violation of 12 U.S.C.A. § 341, Fifth, and, therefore, unenforceable. Accordingly, an Order shall enter granting defendant's motion for a judgment on the pleadings as to Count One.

Defendant moves to dismiss Count Two on the ground it fails to state a claim upon which relief can be granted. In Count Two of his complaint, plaintiff alleges that Bank undertook a planned and systematic program to harass him in an attempt to force him to voluntarily terminate his employment. Plaintiff alleges that harassment included transferring him to a less responsible position, assigning him to work which was substantially below his grade and pay level, circulating rumors among supervisory personnel and other employees that plaintiff was caught or suspected of stealing money and directing supervisory personnel to assign plaintiff to the lowest and most menial tasks. Plaintiff further alleges that these actions were intended to and did cause plaintiff to suffer severe emotional distress.

■ Defendant argues that as a matter of law, assuming plaintiff's allegations to be true, its conduct did not rise to the level of extreme and outrageous conduct necessary to support a claim for infliction of severe emotional distress. The issue thus is whether plaintiff in viewing all disputed facts in his favor would be able to collect for infliction of severe mental distress. I rule that there is a factual question as to whether the above-described conduct could reasonably be found to be so extreme and outrageous as to permit recovery, and, therefore, rule that plaintiff has raised a question for the jury. *See Foley v. Community Oil Co., Inc.*, 64 F.R.D. 561, 563–64 (D.N.H.1974). Accordingly, an Order shall enter denying defendant's motion to dismiss Count Two.

Order accordingly.