Nathaniel **LITTLE**, Plaintiff,

v.

**FEDERAL RESERVE BANK OF CLEVELAND, et al.,**
Defendants.

No. C84–0997.

United States District Court,
N.D. Ohio, E.D.

Jan. 30, 1985.

---

Alan Belkin, Shapiro, Turoff & Gisser, Cleveland, Ohio, for plaintiff.

John B. Lewis, James A. Smith, Steven J. Kurdziel, Squire, Sanders & Dempsey, Lee S. Adams, General Counsel, FRB of Cleveland, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

WHITE, District Judge.

The plaintiff was employed as a guard at the Federal Reserve Bank of Cleveland. On March 16, 1984 he was notified that his position was terminated. This action was commenced under 5 U.S.C. §§ 702 and 704 which provides for judicial review for a person adversely affected or aggrieved by government agency action. Count I of the Amended Complaint alleges that plaintiff's termination constituted an adverse action which was taken without complying with the necessary procedure set forth in 5 U.S.C. § 7511. Therefore his termination is contrary to law and void. Count II of the Amended Complaint contains the allegation that plaintiff was deprived of his employment without due process under the Fifth Amendment to the United States Constitution. Plaintiff also alleges in Count III of the Amended Complaint that the Federal Reserve Bank of Cleveland maintains a policy of progressive discipline covering its employees. The Federal Reserve Bank of Cleveland allegedly failed and refused to apply the terms and provisions of its policy to plaintiff. In his fourth count plaintiff asserts that the defendants conspired to improperly, unlawfully, and unconstitutionally deprive him of his job. His termination was the culmination of a pattern and practice of harassment undertaken by the defendant's willfully, wantonly, maliciously and in reckless disregard of plaintiff's constitutional rights. Plaintiff demands compensatory damages and reinstatement to his job with full seniority, back pay and benefits. The defendants, sued in their official and individual capacities are, besides the Federal Reserve Bank, Karen Horn, President, Lester Selby, Vice President and Secretary, Burton Shutack, Assistant Vice President, and Kenneth Kennard, Manager of the Protection Department. The defendants have filed a joint motion for summary judgment on all of plaintiff's claims.

## COUNT I

Count I of the Amendment Complaint contains the allegation that plaintiff as a federal employee was denied job protection pursuant to 5 U.S.C. § 7511 *et seq.* This subsection provides various procedural protections against adverse action such as 30 day written notice of the proposed adverse

action, a written statement of the specific reasons for the adverse action, an opportunity to respond, and the right to be represented by counsel.

Federal Reserve Bank employees are governed by section four fifth of the Federal Reserve Act of 1913, 12 U.S.C. § 341 fifth which provides in part:

"[A] Federal Reserve Bank ... shall have power—

Fifth. To appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this Act, to define their duties, require bonds for them and fix the penalty thereof, and to dismiss at pleasure such officers and employees."

■ This statute has been held to preclude the Federal Reserve Bank from having to follow procedural requirements when terminating an employee. *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093 (9th Cir.1981). Bollow was employed by the Federal Reserve Bank of San Francisco as an attorney. He was involved in an altercation with a secretary during which he allegedly shouted profanity and used abusive language. His dismissal followed. An action was filed alleging breach of contract, constitutional, and tort claims against the bank. The Court concluded that 12 U.S.C. § 341, fifth precluded process or tenure rights to a federal reserve bank employee. In *Obradovich v. Federal Reserve Bank of New York*, 569 F.Supp. 785 (S.D.N.Y.1983), the Court noted that Congress gave the Federal Reserve banks the authority to appoint employees without regard to civil service requirements and to dismiss all employees at pleasure. *Id.* at fn. 17.

## COUNT II

■ In Count II plaintiff alleges that he was deprived of his right to employment without due process of law. Due process of law requires that reasons be given for discharge and that there be given an opportunity for a fair hearing on the charges against him.

■ A person may have a property interest in government employment if an entitlement to the benefit exists. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). An entitlement is created by rules or understanding derived from an independent source such as statutes, regulations, or express or implied contracts. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), *Bollow v. Federal Reserve Bank of San Francisco, supra.* Because of 12 U.S.C. § 341 Fifth allowing dismissal at pleasure, plaintiff cannot claim that he was deprived of an entitlement to continued employment. *Obradovich v. Federal Reserve Bank of New York, supra.*

■ Under the Fifth and Fourteenth Amendments one has the right to work and earn a living. When the government dismisses a person for reasons that might seriously damage his standing in the community he is entitled to notice and a hearing to clear his name. *Regents v. Roth, supra, Bollow v. Federal Reserve Bank of San Francisco, supra.* However, in order to amount to a constitutional deprivation the reasons for dismissal must denigrate the individual so severely that he cannot find other employment. *Board of Regents v. Roth,* supra. Dismissal on charges reflecting one's good name, reputation, honor and integrity may infringe on liberty interests. *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). In other words the charges must involve dishonesty or immorality. *Bollow v. Federal Reserve Bank of San Francisco, supra.* A dismissal for reasons of incompetence and inability to get along with co-workers does not amount to infringement of liberty interests. There are no allegations that the Bank's reasons for discharging plaintiff were publicly disclosed. The notice of termination stated no reason for plaintiff's discharge. "Unpublicized accusations do not infringe constitutional liberty interests because, by definition, they cannot harm good name, reputation, honor or integrity." *Bollow v. Federal Reserve*

*Bank of San Francisco* at 1101 citing *Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). According to plaintiff's deposition he was terminated for the inability to get along with others and for having a second job contrary to rules of employment. He also was discovered carrying a gun on his second job as a security guard contrary to rules. In his affidavit, plaintiff states his reasons for discharge were because of threats of violence that he made against co-employees. He also stated he was refused employment because of his termination. But he does not assert that the company that refused to hire him knew the reasons for his prior termination. Dismissal for inability to get along with co-workers or failure to obey rules does not infringe on liberty interests. For this reason, the fact that reasons for discharge were not publicized and lack of allegations in the amended complaint requires dismissal of this claim.

### COUNT III

The Federal Reserve Bank of Cleveland had a written policy of progressive discipline. Plaintiff was terminated without imposition of lesser forms of discipline. It is alleged plaintiff is entitled to the benefits inferred by the disciplinary policy.

The existence of 12 U.S.C. § 341, Fifth also precludes the claim under Count III. Because of this provision, requiring the Bank to adhere to this disciplinary policy interferes with its power to dismiss an employee at pleasure. *Armano v. Federal Reserve Bank of Boston*, 468 F.Supp. 674 (D.Mass.1979). In *Armano v. Federal Reserve Bank of Boston*, plaintiff alleged he was terminated in contravention of personnel policies and practices which established an employment contract. Judgment on the pleadings was granted. This claim is similar to plaintiff's claim in the case at bar. Any contract based on the Bank's personnel rules exceeds the Bank's authority and is unenforceable. *Obradovich v. F.R.B. of New York, supra.*

Plaintiff asserts in his brief in opposition to the motion for summary judgment that his termination without following the procedures under § 7511 denied him equal protection of the law. Certain employees are denied the protection of 5 U.S.C. § 7511 *et seq.* A list of excepted positions is found at 5 C.F.R. §§ 213.3101 *et seq.* The position of security guard is not on this list. Security guards at other federal agencies cannot be fired at will. A security guard position is similar at every government agency. Therefore Federal Reserve Bank guards are improperly treated differently than other similarly situated federal employees. There is no valid legislative goal which could justify withholding of civil service protection from Federal Reserve Bank guards.

The Fifth Amendment does not contain an equal protection clause. This is implanted in the Fourteenth Amendment which applies only to state action. However the Fifth Amendment does forbid discrimination that is so unjustifiable as to be violative of due process. Therefore if a classification is invalid under the Fourteenth Amendment equal protection clause it is also inconsistent with the due process clause of the Fifth Amendment. *Johnson v. Robison*, 415 U.S. 361, fn. 4, 94 S.Ct. 1160, fn. 4, 39 L.Ed.2d 389 (1974).

The impropriety of the separate classification for Federal Reserve Bank guards must be determined by the rational basis test. If the distinctions made by the classification have some relevance to the purpose for which the classification is made then there is said to be a rational basis for the classification. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), *Marshall v. United States*, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974), *Darks v. City of Cincinnati*, 745 F.2d 1040 (6th Cir.1984), *Johnson v. Smith*, 696 F.2d 1334 (11th Cir.1983).

If Federal Reserve Bank guards are not similarly situated to security guards employed at other federal agencies there is no equal protection problem. But if the guards are similarly situated a ra-

tional reason for the difference in treatment must exist. *Johnson v. Smith,* supra.

The Federal Reserve Bank was intended by Congress to be an independent institution.

"It is proposed that the Government shall retain a sufficient power over the reserve banks to enable it to exercise a directing authority when necessary to do so, but that it shall in no way attempt to carry on through its own mechanism the routine operations of banking which require detailed knowledge of local and individual credit and which determine the actual use of the funds of the community in any given instance. In other words, the reserve bank plan retains to the Government power over the exercise of the broader banking functions, while it leaves to individuals and privately owned institutions the actual direction of routine." H.R. No. 69, 63d Cong. 1st Sess., 18–19 (1913).

The Court in *Armano v. Federal Reserve Bank of Boston,* 468 F.Supp. at 676 found that "Congress clearly sought to protect Federal reserve banks from unnecessary restrictions in carrying out their financial responsibilities."

Plaintiff did not raise the equal protection issue in his original or amended complaint. He has not alleged any facts which would negate the existence of rational congressional purpose.

Accordingly, defendants' motion for summary judgment is GRANTED. The action is DISMISSED.

IT IS SO ORDERED.