

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2004

# Mele v. Fed Rsrv Bank NY

Precedential or Non-Precedential: Precedential

Docket No. 03-1556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Mele v. Fed Rsrv Bank NY" (2004). *2004 Decisions.* Paper 941.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/941

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1556
_____

MICHAEL MELE,

Appellant

v.

FEDERAL RESERVE BANK
OF NEW YORK
_____

On Appeal from the
United States District Court for the
District of New Jersey
(Dist. Ct. No. 02-cv-01216)
District Judge: Hon. Anne E. Thompson
_____

Argued: November 18, 2003

Before: RENDELL, BARRY, and
CHERTOFF, Circuit Judges

(Filed: February 24, 2004)

Brian E. Fleisig (Argued)
Pearce & Massler
25 Main Street
Court Plaza North
Hackensack, NJ 07601-7025
*Counsel for Appellant*

Yoon Hi Greene (Argued)
Federal Reserve Bank of New York
33 Liberty Street
New York, NY 10045

Shari Leventhal
Federal Reserve Bank of New York
33 Liberty Street
New York, NY 10045

*Counsel for Appellee*

_____

OPINION
_____

CHERTOFF, Circuit Judge.

Appellant Michael Mele alleges his employment was terminated in violation of the Federal Reserve Bank of New York's ("the Bank") Management Guide to Personnel Policies ("Guide"). The District Court granted the Bank's motion to dismiss all counts on the pleadings pursuant to Fed. R. Civ. P. 12(c).[1] For the

_____

[1] Rule 12(c) provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a

reasons stated below, we will affirm the District Court's dismissal.

## I.

Jurisdiction in this Court is proper because the judgment is a final order under 28 U.S.C. § 1291. This Court's review of a Rule 12(c) motion to dismiss is plenary. Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002). As with a Rule 12(b)(6) motion, this Court "view[s] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." Id. That is, the motion should not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." Id.

Mele was employed as a facilities engineer at the East Rutherford Operations Center ("EROC") of the Bank in Bergen County, New Jersey, from July 1995 to January 2000. Mele claims that, in early January 2000, he was denied access to a particular area of EROC on the ground that he was required to be armed or accompanied by an armed individual, despite the fact that he had previously enjoyed unhampered access to that area. Thereafter, Mele reported to his supervisor Terrence McCorry, who, he alleges, denied his request for a written copy of the Bank's policy regarding access to the area, became verbally and physically abusive, and physically escorted Mele out of his office. Mele immediately reported the incident to the Bank's Human Resources Department. As a result of these events, Mele was suspended with pay, and later was terminated for what was deemed "misconduct."

On January 13, 2002, Mele filed a four-count complaint against the Bank in the Superior Court of New Jersey. Count One alleged breach of contract based on the Bank's failure to adhere to the Guide's warning procedures or graduated discipline measures in terminating Mele. Count Two claimed wrongful termination on the ground that Mele's purported "misconduct" did not fall into one of the four categories of employee misconduct set forth in the Guide. Count Three pled breach of the implied covenant of good faith and fair dealing, and Count Four alleged wrongful interference with Mele's prospective economic advantage in continued employment. Mele does not advance any authority other than the Guide to support any of these claims.

On March 19, 2002, the Bank filed a notice of removal, pursuant to 12 U.S.C. §632.[2] On January 23, 2003, the District Court granted the Bank's motion to dismiss all counts on the pleadings pursuant to Fed. R. Civ. P. 12(c). The

motion by Rule 56." As the District Court noted, because the Bank had already filed an answer in the action, the motion is for a judgment on the pleadings pursuant to Rule 12(c).

_____

[2] This section provides, in pertinent part: "[A]ny Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States."

District Court explained that Mele's claims rested on the premise that he had an employment contract with the Bank, a conclusion undermined by both the language of the Federal Reserve Act, 12 U.S.C. § 341, Note 3, and case law interpreting the Act to restrict the Bank's power to enter into employment contracts. The District Court, however, opted not to address the open question of the Bank's power to contract, concluding that even "assuming *in arguendo* that the Federal Reserve Bank could enter into an employment contract, nothing inside the Guide prevents the Federal Reserve Bank from terminating an employee in plaintiff's position, in view of the disclaimer found on the front cover." Notice of appeal was timely filed on February 24, 2003.

## II.

The Bank contends we should affirm the dismissal of Mele's claim because the Federal Reserve Act, 12 U.S.C. § 341, Note 3, restricts the Bank's authority to enter into employment contracts, so that any implied contract created by the Guide is unenforceable. The statute enumerates the general powers of the Federal Reserve Bank:

> Upon the filing of the organization certificate with the Comptroller of the Currency a Federal Reserve bank shall become a body corporate and as such, and in the name designated in such organization certificate, shall have power—
>
> . . .

> Third. To make contracts.
> . . .

> Fifth. To appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this chapter, to define their duties, require bonds for them and fix the penalty thereof, and to *dismiss at pleasure such officers or employees. . . .*

12 U.S.C. § 341 (emphasis added). The Bank asserts that the language of paragraph five confers an indefeasible power to terminate employees at will.

Mele argues that paragraph five's "dismiss[al] at pleasure" provision should be read in conjunction with paragraph three, so that it is not treated as a limitation on the Bank's authority to enter into contracts, including employment contracts. Mele tries to reconcile these provisions by suggesting that binding the Bank to employment contracts is consistent with the reserved power to dismiss employees at will because "any party to any contract can breach its duties provided only that it pay damages ensuing from the breach." (Appellant Br. at 8).

We reject such a strained interpretation of the statute. Mele's position would rewrite Congress's specific instruction that the Bank retain the power to dismiss at pleasure into a statutory damages clause. The better reading recognizes that paragraph three generally refers to "contracts," and that the more specific reference in paragraph five to

3

employment should be read as a limitation on the general power to enter into contracts. "[A] recognized tenet of statutory interpretation directs that a specific provision in an enactment prevails over a seemingly irreconcilable general one." LaVallee Northside Civic Ass'n v. Virgin Islands, 866 F.2d 616, 621 (3d Cir. 1989) (citing 2A A. Sutherland, *Statutes and Statutory Construction* § 51.05, at 499 (N. Singer 4th ed. 1984)).

While this Court has not previously addressed this particular statute, "[c]ourts uniformly hold that [the Federal Reserve Act] precludes the enforcement of any employment contract against a Federal Reserve Bank and prevents the development of any reasonable expectation of continued employment." Jaffee v. Federal Reserve Bank of Chicago, 586 F. Supp. 106, 107-08 (N.D. Ill. 1984) (citing cases); see Magel v. Federal Reserve Bank of Philadelphia, 776 F. Supp. 200, 205 (E.D. Pa. 1991), aff'd 5 F.3d 1490 (3d Cir. 1993); Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1097-98 (9th Cir. 1981); Little v. Federal Reserve Bank of Cleveland, 601 F. Supp. 1372, 1375-77 (N.D. Ohio 1985); Obradovich v. Federal Reserve Bank of New York, 569 F. Supp. 785, 790 (S.D.N.Y. 1983); Armano v. Federal Reserve Bank of Boston, 468 F. Supp. 674, 675-76 (D. Mass. 1979); see also Inglis v. Fienerman, 701 F.2d 97 (9th Cir. 1983) (analyzing similar language under the Federal Home Loan Bank Act).

These courts have noted that "no process or tenure rights are conferred on reserve bank employees . . . [and] attempts to create such rights by reference to independent sources are violative of the statute and void thereunder." Bollow, 650 F.2d at 1098. Moreover, the cases have specifically rejected claims, similar to those of Mele, that an employee is contractually protected by personnel policies and practices, including written policies of progressive discipline. See Little, 601 F. Supp. at 1376; Armano, 468 F. Supp. at 675-76; Obradovich, 569 F. Supp. at 790. Rather, "[a]ny implied contract based upon the Federal Reserve's personnel rules would exceed the Federal Reserve's authority, and be unenforceable." Id. at 790. Such a contractual obligation would undermine the Congressional intent to protect Federal Reserve Banks from restrictions in carrying out their duties. See Armano, 468 F. Supp. at 676.

Mele points to no authority to the contrary. We now explicitly join the approach uniformly adopted by other courts considering this issue. We hold that the Federal Reserve Act precludes enforcement against a Federal Reserve Bank of an employment contract that would compromise its statutory power to dismiss at pleasure, and prevents the development of a reasonable expectation of continued employment. As a result, Mele's argument that he was terminated in contravention of the Guide's policies is without merit.

### III.

Mele contends that even if the Bank has the power to dismiss employees at will, the Guide relinquishes this right in

4

order to retain those employees, and the Bank should not be allowed to disavow this supposed *quid pro quo*. Mele, however, cites no authority to support the proposition that the Bank is authorized to waive or relinquish the right to terminate employees at will.[3] We need not decide whether it is ever possible for a Federal Reserve Bank to relinquish this right because in this case it is clear that it did not do so.

The Guide actually *disclaims* any limitation on the Bank's statutory power to dismiss at pleasure. The Guide contains the following statement on the cover in italicized font:[4]

*This guide provides a description of certain Bank policies, procedures and benefits. This guide is not intended to be a contract of employment, nor does it supersede or modify the Bank's Operating Bulletins and Circulars, the specific contracts and documents covering Bank-provided benefits, or the Bank's right, under federal law, to terminate any employee at will.*[5]

cannot now complain that it is somehow "unfair" or "unjust" for the Bank to "disavow" the Guide.

---

[3] At argument, even Mele concedes that there is no case supporting the proposition that the Bank has the authority to waive the dismiss at pleasure provision. Mele merely directs this Court's attention to a general line of estoppel cases. See, e.g., Heckler v. Cmty. Health Servs. of Crawford County, Inc., 467 U.S. 51, 59 (1984). None of the cases deal specifically with the authority of the Bank to relinquish an explicit statutory grant of power to dismiss at pleasure.

[4] Mele contended at argument that the disclaimer is not actually on the cover since the Guide was placed in a binder. Even if the binder cover had to be opened before the text of the disclaimer was revealed, this does not undermine the claim that the Bank specifically indicated it was not relinquishing its power to dismiss at pleasure, and that the disclaimer was conspicuously placed such that Mele

[5] Mele argues that the District Court erroneously relied on the disclaimer in ruling on the Rule 12(c) motion. The general rule is that a "district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1426 (3d Cir. 1997). However, an exception to this general rule provides that a "'document *integral to or explicitly* relied upon in the complaint' may be considered 'without converting the motion [to dismiss into one for summary judgment.'" Id. (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)) (emphasis added in In re Burlington). Here, consideration of the disclaimer in the Guide clearly falls within this exception for documents "integral to or explicitly relied upon in the complaint." The Guide forms the heart of Mele's complaint. Thus, the disclaimer is just the kind of evidence that the "integral"

5

This disclaimer specifically emphasizes the Bank's federal right to terminate any employee at will, and rejects any notion that the <u>Guide</u> is intended to be a relinquishment of this power.

The District Court concluded that in light of the disclaimer, nothing in the <u>Guide</u> prevents the Bank from terminating employees. Because we conclude above that the Federal Reserve Act precludes enforcement of an employment contract that would compromise the Bank's statutory power to dismiss at pleasure, we need not reach the issue of whether the disclaimer is sufficient under ordinary employment contract law principles. But the disclaimer certainly rebuts Mele's contention that the Bank intentionally relinquished the power to dismiss at pleasure (assuming it could do so).

IV.

Mele suggests on appeal that the Bank cannot claim the protection of the employment at will provision because the termination was not undertaken by the Board of Directors, as required by 12 U.S.C. § 341. In his complaint, Mele did

---

documents exception was intended to encompass, so that plaintiff cannot maintain a claim "by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement [did not support the claim]." <u>In re Burlington Coat Factory</u>, 114 F.3d at 1426.

not allege the termination was invalid because it was not authorized by the Board of Directors or its valid delegate. What he alleged—and what we have rejected—was that his termination was forbidden by the <u>Guide</u>. Mele first raised the suggestion that the termination was unauthorized in a letter submitted after a status conference in which the District Court provided Mele with a final opportunity to submit case law in support of his opposition to the 12(c) motion.

"'It is black-letter law that [a] motion to dismiss for failure to state a claim . . . is to be evaluated only on the pleadings.'" <u>A.D. Bedell Wholesale Co., Inc. v. Philip Morris, Inc.</u>, 263 F.3d 239, 266 (3d Cir. 2001) (quoting <u>Mahone v. Addicks Utility Dist.</u>, 836 F.2d 921, 935 (5th Cir. 1988)) (other internal quotations omitted). An entirely new claim for relief presented in a letter brief does not constitute an amendment to the pleadings. In deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings.[6] Here, viewing the complaint "in the light most favorable to the plaintiff," the Bank has established that "there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." <u>Leamer</u>, 288 F.3d at 534.

---

[6] Mele's own brief concedes that "a Court may only consider the Complaint and the reasonable inferences therefrom" in deciding a Rule 12(c) motion. (Appellant Br. at 27, n.5).

## V.

For the foregoing reasons, we affirm the District Court's grant of the motion to dismiss pursuant to Fed. R. Civ. P. 12(c).