

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# Mike Perez v. John Griffin

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2979

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mike Perez v. John Griffin" (2008). *2008 Decisions.* Paper 48.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/48

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-55                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2979
_____

MIKE PEREZ,
                                        Appellant

v.

JOHN J. GRIFFIN;
LAW OFFICE OF JOHN J. GRIFFIN

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01468)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2008

Before:   RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

(Filed: December 23, 2008)

_____

OPINION OF THE COURT
_____

PER CURIAM

        Mike Perez, an inmate at the Federal Correctional Institution, Fort Dix, New

Jersey, filed a pro se complaint in the Middle District of Pennsylvania against attorney John J. Griffin and the Law Office of John J. Griffin ("Appellees"), alleging malpractice, fraud, breach of contract, and violation of Perez' civil rights under 42 U.S.C. § 1983. Specifically, Perez claimed that he retained Griffin to bring a lawsuit against prison officials for inadequate medical care[1], that Griffin failed to do so, and that Griffin deliberately withheld Perez's files to ensure the dismissal of Perez's suit against prison officials and to deprive Perez of meaningful access to the court. Appellees moved to dismiss the complaint, contending that (1) the malpractice, fraud, and breach of contract claims were barred by Perez' failure to file the certificate of merit required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure and (2) the § 1983 claim must be dismissed because Appellees are not state actors and cannot be held responsible for the alleged violations of constitutional rights. On June 9, 2008, the District Court construed Appellees' filing as a motion for judgment on the pleadings, granted the motion, and separately entered judgment against Perez on all counts. For the following reasons, we will affirm.

Our review of an order granting a motion for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is plenary. <u>Mele v. Fed. Reserve Bank</u>

---

[1] This Court vacated the District Court's judgment for the defendants in Perez' action for inadequate medical treatment. <u>Perez v. United States</u>, 271 F. App'x 240 (3d Cir. 2008). Upon remand, the District Court again granted summary judgment in favor of the defendants; Perez' appeal from that judgment is pending. <u>Perez v. United States</u>, C.A. No. 08-2807.

of N.Y., 359 F.3d 251, 253 (3d Cir. 2004).  The facts, and any inferences drawn from them, are viewed in the light most favorable to the nonmoving party and the motion should not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment as a matter of law."  Id.  Taking all of Perez' allegations as true, we agree with the District Court that his failure to comply with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure is fatal to the claims of malpractice, fraud, and breach of contract.  Similarly, the lack of state action is fatal to his civil rights claim under 42 U.S.C. § 1983.

Turning first to the malpractice claim, Rule 1042.3 requires an "attorney for the plaintiff, or the plaintiff if not represented" who brings an action based on "an allegation that a licensed professional deviated from an acceptable professional standard" to file a certificate of merit within sixty days of the filing of the complaint.  The certificate must attest to the colorable merit of the claim by including one of the following statements:  (1) that "an appropriate licensed professional" has supplied a written statement that there is a reasonable probability that the defendant's conduct fell outside acceptable professional standards; (2) that the claim against the defendant is based solely on allegations against other professionals for whom the defendant is responsible; or (3) that expert testimony is unnecessary for prosecution of the claim.  Pa. R. Civ. P. 1042.3(a).  The rule allows for a sixty-day extension of the period for filing a certificate of merit for "good cause shown."  Pa. R. Civ. P. 1042.3(d).

3

Rule 1042.3 is a substantive state law that federal district courts must apply. Cf. Chamberlain v. Giampapa, 201 F.3d 154, 158-61 (3d Cir. 2000) (holding that a New Jersey statute similar to Rule 1042.3 should be applied as a substantive state law under the choice of law doctrine from Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)); Bresnahan v. Schenker, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007) (noting that Rule 1042.3 "has been repeatedly held to be controlling substantive law" under the Erie doctrine). By its explicit terms, the rule applies to both represented plaintiffs and pro se plaintiffs, like Perez. If a plaintiff does not comply with Rule 1042.3, the claims will be dismissed and a judgment of non pros entered upon a motion by the defendant. Pa. R. Civ. P. 1042.6. However, the failure to comply with Rule 1042.3 is not fatal to claims of professional liability if the plaintiff can show a "reasonable excuse" for the noncompliance. Womer v. Hilliker, 908 A.2d 269, 279-80 (Pa. 2006).

In the present case, Perez neither filed a certificate of merit nor requested an extension of time to do so.[2] Nor did he present a reasonable excuse for failing to do so. Perez stated that he did not file a certificate of merit because he did not believe one was required. However, a pro se litigant's ignorance of or mistaken assumptions about the

_____

[2] We agree with the District Court that the declaration Perez filed with his opposition to the motion to dismiss is not equivalent to a certificate of merit because it merely reiterates the allegations in the complaint and does not contain a statement regarding the colorable merit of his claims as required by Rule 1042.3.

4

requirements of Rule 1042.3 cannot serve as a reasonable excuse. Hoover v. Davila, 862 A.2d 591, 595-96 (Pa. Super. Ct. 2004).

Perez also argued that his action against Griffin was one primarily for fraud and breach of contract, which do not require the certificate of merit needed for professional liability actions. We agree with the able analysis of the District Court that Perez' fraud and breach of contract claims are based upon an alleged breach of duties Griffin owed Perez in the course of legal representation – i.e., the alleged failures to prosecute the inadequate medical care lawsuit and return Perez' legal file – and that Perez may not avoid the filing of a certificate of merit by labeling professional liability claims as something else. See, e.g., Varner v. Classic Cmtys. Corp., 890 A.2d 1068, 1074 (Pa. Super. Ct. 2006) (explaining that "it is the substance of the complaint rather than its form" that controls whether a claim is for professional liability and whether a certificate of merit is required). In fact, Perez conceded in his brief in opposition that his claims against Griffin are based solely on a breach of professional duties: "[t]here is no doubt that the defendants['] conduct involves a professional legal malpractice violation." Therefore, Perez' failure to file a certificate of merit is fatal to his claims of malpractice, breach of contract, and fraud, and the District Court appropriately granted judgment on the pleadings against him.

Perez also claimed that Griffin violated his civil rights under 42 U.S.C. § 1983. To prevail on his § 1983 claim, Perez must show that Griffin, while acting under color of

5

state law, deprived him of a constitutional or statutory right. <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006). Perez' complaint alleges only private transactions between attorney and client with no claim that Griffin acted on behalf of the state or that his actions can be fairly attributed to the state. Private attorneys performing their traditional functions are not considered to act under color of state law for purposes of § 1983. <u>See</u> <u>Angelico v. Lehigh Valley Hosp., Inc.</u>, 184 F.3d 268, 277 (3d Cir. 1999); <u>see also</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 (1981). Because Perez has not demonstrated that Griffin was a state actor, his § 1983 claim fails.

In sum, we conclude that the District Court correctly entered judgment on the pleadings in favor of Appellees and against Perez on all claims and we will affirm.[3]

---

[3] Perez filed "formal objections" to Griffin serving as counsel for the Law Offices of John J. Griffin because of a "conflic[t] of interest that will impede the proper prosecution of this case." We construe that document as a motion to disqualify Griffin and, in light of our summary disposition of the appeal, we deny it.