**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1459

_____

LEONARD AMEIKA; THERESA AMEIKA; JOSEPH BOYKO, SR.;
PAULA WARD-BOYKO; JAMES CHROPOWICKI;  ADA CHROPOWICKI;
WILLIAM FIELD; BERNARD GOLUBIEWSK; LISA GOLUBIEWSKI;
SALLY GUZIK; SEAN HEFFRON; KIRK JONES; COLLEEN JONES;
STANLEY KAPISH; RAY LAUER, t/a Starry Night Realty;
ANGELO CONSTANZO, t/a Starry Night Realty;
JOSEPH LISIEWSKI; KAREY L. LISIEWSKI; MARISSA MARSH;
MICHAEL MATIKO; CAROL MATIKO; JEFFREY MATIKO;
JASON MATIKO; GEORGE J. MCNULTY; EDWARD ORKWIS;
MELINDA ORKWIS; DIANE ORLOWSKI; NANCY PARRICK;
LOUIS SAPOLIS, JR.; STEPHANIE SHUH; RAYMOND SMITKA;
TIMOTHY R. TOMLINSON; THOMAS WELBY; ROXANNE WELBY;
CARLA ROMANCHICK,

Appellants

v.

KEITH MOSS; NICHOLAS A. LOHMAN; LOIS MORREALE;
AUDREY MARCINKO; FRANK GROBLEWSKI;
LOWER LACKAWANNA VALLEY SANITORY AUTHORITY;
DURYEA BOROUGH SEWER AUTHORITY; BOROUGH OF DURYEA

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-12-cv-01460)
District Judge: Honorable Malachy E. Mannion

_____

Submitted under Third Circuit LAR 34.1(a)
on January 16, 2015

Before: AMBRO, FUENTES and ROTH, Circuit Judges

_____

OPINION[*]

_____

ROTH, Circuit Judge

Plaintiffs, thirty-five residents of Duryea, Pennsylvania, appeal the District Court's dismissal of their substantive due process claim under 42 U.S.C. § 1983 against defendants, the Borough of Duryea, the mayor of Duryea, and various borough officials,[1] for failure to prevent flood damage to plaintiffs' properties during Hurricane Irene. Because plaintiffs failed to allege that their harms stemmed from any affirmative actions taken by defendants, or that defendants' actions "shocked the conscience," we will affirm.

I.

On September 8, 2011, Hurricane Irene caused flooding to approximately 200 to 400 properties in the Borough of Duryea.  Plaintiffs brought suit alleging that defendants "willfully, wantonly and recklessly abandoned their duties to Duryea residents" by

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The defendants are Keith Moss, the Mayor of Duryea; Nicholas A. Lohman, Chief of Police; Lois Morreale, Borough Manager; Audrey Marcinko, Borough Council Chairperson; Frank Goblewski, Council Member; and Duryea Borough.  Plaintiffs also brought state tort law claims against the Duryea Borough Sewer Authority and the Lackawanna Sanitary Authority, but the District Court declined to exercise supplemental jurisdiction over the state law claims.

ignoring an emergency flood plan and turning away volunteers who offered to help with sandbagging.

Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Noting that the complaint did not indicate what constitutional rights were violated, the District Court construed it as alleging a substantive due process violation under the "state-created danger" theory. The District Court then held that the complaint failed to allege the necessary elements of a state-created danger claim and granted defendants' motion. The District Court denied leave to amend the complaint. The District Court also denied plaintiffs' motion to alter or amend judgment pursuant to Rule 59(e). This appeal followed.

## II.[2]

Our review of a Rule 12(c) motion to dismiss is plenary.[3] We "view[ ] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff[s]."[4] We review the District Court's denial of leave to amend the complaint and of a motion to alter or amend judgment for abuse of discretion.[5]

## III.

Reading the facts in the light most favorable to plaintiffs, we agree with the District Court that they have not pled a plausible due process claim under a state-created

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[3] *See Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 146 (3d Cir. 2013).

[4] *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004) (citation and internal quotation marks omitted).

[5] *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

danger theory. To assert a viable "state-created danger" claim, plaintiffs must allege, *inter alia*, that "state actor[s] affirmatively used [their] authority in a way that created a danger to [plaintiffs] or that rendered [plaintiffs] more vulnerable to danger than had the state not acted at all[,]" and that "state actor[s] acted with a degree of culpability that shocks the conscience[.]"[6] Plaintiffs' failure to meet either element requires dismissal of the claim.[7]

The meaning of "shocks the conscience" may vary depending on the factual context; "[t]he level of culpability required to shock the conscience increases as the time state actors have to deliberate decreases."[8] Thus, where a state actor has the time to deliberate about his actions and is not under pressure to make hurried judgments, his conduct will be sufficiently "conscience shocking" if it displays a deliberate indifference to a serious risk of harm to plaintiffs.[9]

First, plaintiffs have not pled any facts to establish that defendants, other than Mayor Moss, affirmatively acted to place plaintiffs' properties in increased danger. To the contrary, they repeatedly alleged that defendants took *no* action.[10] Plaintiffs alleged that despite being informed of the expected high crest of the rivers during the hurricane,

---

[6] *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006).
[7] *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 914 (3d Cir. 1997).
[8] *Sanford v. Stiles*, 456 F.3d 298, 309 (3d Cir. 2006).
[9] *See id.*
[10] *See* J.A. 42, Compl. ¶ 13 ("The Mayor and Council took no action to accept this assistance."); J.A. 42, Compl. ¶ 15 ("The inaction of the individual defendants caused property damage and businesses losses to the plaintiffs, individually and jointly."); J.A. 43, Compl. ¶ 16 ("The Borough of Duryea through its elected officials named above failed to implement and enforce the emergency action plan . . ..");  J.A. 43, Compl. ¶ 18 ("Plaintiffs' damages were proximately caused by the inaction of the individual defendants . . ..").

4

Mayor Moss and Council Members Marcinko and Groblewski ignored an emergency action plan which called for sandbagging the areas likely to be flooded, and turned away volunteers who offered to help with sandbagging. Plaintiffs also alleged that Duryea Borough declined a levee construction grant from the U.S. Environmental Protection Agency and Army Corps of Engineers, despite being aware of the potential for flooding since Hurricane Agnes in 1972. These inactions do not constitute affirmative conduct that created a danger or exacerbated a danger that plaintiffs otherwise faced.[11] "It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause."[12]

With respect to Mayor Moss, plaintiffs alleged that he "built a[n incomplete] dirt dike that caused flood damage to [three properties.]"[13] But the complaint is devoid of any facts that support a showing that Mayor Moss or any of the other defendants were deliberately indifferent. The most we can infer is that defendants' inactions and the building of the dike amounted to negligence or incompetence. Mere negligence does not

---

[11] *See Morrow v. Balaski*, 719 F.3d 160, 179 (3d Cir. 2013) (en banc). Plaintiffs' brief asserts that "[t]he only allegation of affirmative action is that the flood plain in Luzerne County was enlarged, heightening the risk of potential flooding of Duryea." Pls.' Br. at 8. But, according to the complaint, it was the Luzerne County Emergency Management Agency that enlarged the flood plan [sic]." J.A. 41. Luzerne County EMA is not a defendant in this action.

[12] *Bright*, 443 F.3d at 282.

[13] J.A. 42.

shock the conscience.[14]  Accordingly, plaintiffs have not pled facts to support a substantive due process claim, and the District Court properly dismissed it.[15]

The District Court did not abuse its discretion in denying plaintiffs leave to amend the complaint on the basis of futility.[16]  Nor did it abuse its discretion in denying plaintiffs' motion to alter or amend the judgment.  The District Court specifically addressed plaintiffs' attempt to add "previously omitted matters of public record."  The District Court found that the offered documents only undermined plaintiffs' claim because they highlighted defendants' failure to act, as opposed to affirmative action in conscious disregard of a risk.  That decision was not erroneous.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[14] *See Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 426 (3d Cir. 2006); *see also United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003) (holding that the "shocks the conscience" standard "encompasses 'only the most egregious official conduct[.]'") (citation omitted).

[15] Municipal liability under § 1983 must be based on the "execution of a government's policy or custom" that actually results in a constitutional violation.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).  Because we conclude that plaintiffs have not alleged facts showing a constitutional "violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

The District Court also properly dismissed the Stafford Act claim, which addresses federal disaster relief and assistance, because the Act does not create a private right of action. *See* 42 U.S.C. § 5121 *et seq.*; *see also Graham v. FEMA*, 149 F.3d 997, 1001 (9th Cir. 1998), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010); *Duffy v. Kent Cnty. Levy Court, Inc.*, No. CIV. 09-817, 2011 WL 748487, at *5 (D. Del. Feb. 23, 2011).

[16] *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).