**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3193
_____

RICKY KAMDEN-OUAFFO,
                                        Appellant

v.

PLAZA SQUARE APARTMENTS; FRANCES AMMONS; MARIA GEMILLIANA
DESSI; ALYSSA GOLDMAN; TANYA MARRIOTI; JOHN/JANE DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-01068)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2018

Before:  SHWARTZ, KRAUSE, and FUENTES, Circuit Judges

(Opinion filed: November 1, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Ricky Kamden-Ouaffo appeals pro se from the District Court's order dismissing

his complaint. For the reasons that follow, we will affirm that order.

I.

Because we write primarily for the parties, who are familiar with the background

of this case, we discuss that background only to the extent needed to resolve this appeal.

In February 2017, Kamden-Ouaffo filed a pro se complaint in the District Court against

the apartment complex in which he lived (Plaza Square Apartments, hereinafter referred

to as "Plaza Square") and several individuals. The complaint claimed that the defendants

had violated Kamden-Ouaffo's rights under the Fair Housing Act ("FHA"), 42 U.S.C.

§ 3601 et seq., and New Jersey state law.

In May 2017, Highlands Operating Company, LLC ("Highlands"), which claimed

to own Plaza Square, moved to dismiss the complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6).[1] On September 5, 2017, the District Court granted that motion and

dismissed the complaint in its entirety. In doing so, the District Court concluded that

(1) Kamden-Ouaffo's FHA claim failed to meet the pleading standards of Federal Rule of

Civil Procedure 8(a)(2) because "the Complaint is completely devoid of any factual

allegations supporting a claim for discrimination," (Dist. Ct. Letter Op. entered Sept. 5,

---

[1] Because Highlands answered Kamden-Ouaffo's complaint before filing its Rule 12(b)(6) motion to dismiss, that motion should have been styled as a Rule 12(c) motion for judgment on pleadings. See Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 n.1 (3d Cir. 2004). In any event, "[t]here is no material difference in the applicable legal standards [governing these two types of motions]." Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

2017, at 2), and (2) the dismissal of the FHA claim necessitated the dismissal of his pendent state-law claims. The District Court explained that its dismissal was without prejudice to Kamden-Ouaffo's ability to file an amended complaint by October 6, 2017.

Kamden-Ouaffo did not file an amended complaint. Instead, he brought this appeal.[2]

II.

In advance of briefing, the Clerk of this Court highlighted one of the allegations in Kamden-Ouaffo's complaint and directed the parties to brief whether the complaint could survive dismissal based on that allegation. Although Kamden-Ouaffo acknowledged that directive, nowhere in his 84 pages of appellate briefing does he attempt to explain how that allegation or any other allegations in his complaint are sufficient to state a claim for discrimination under the FHA. Nor has he attempted to provide any legal citations supporting the argument that his allegations are sufficient to state such a claim. Under these circumstances, we conclude that Kamden-Ouaffo has waived his FHA claim. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (ellipses in original) (internal quotation marks omitted); see also

---

[2] Although the District Court's September 5, 2017 order dismissed Kamden-Ouaffo's complaint *without* prejudice, we nevertheless have jurisdiction over this order pursuant to 28 U.S.C. § 1291 because he did not subsequently file an amended complaint. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se case).

All that remains of Kamden-Ouaffo's complaint are his pendent state-law claims. We see no reason to disturb the District Court's dismissal of these claims. Because the District Court dismissed the FHA claim, it was appropriate to dismiss the state-law claims, too. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("This Court has recognized that, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." (internal quotation marks omitted)).

We have considered Kamden-Ouaffo's various arguments raised in his briefing and conclude that none warrants relief here.[3] In view of the above, we will affirm the District Court's September 5, 2017 order dismissing his complaint.[4]

---

[3] Kamden-Ouaffo focuses primarily on a rambling and repetitive argument that Highlands should not have been allowed to litigate this case on Plaza Square's behalf. We need not rule on this argument, for even if Highlands had not participated in this case, the District Court still would have had the authority to dismiss Kamden-Ouaffo's complaint. See Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990) (discussing district court's authority to *sua sponte* dismiss a complaint under Rule 12(b)(6)); see also Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995) (discussing district court's authority to *sua sponte* dismiss a complaint under Rule 8(a)(2)).

[4] To the extent that Kamden-Ouaffo sets forth a long list requesting miscellaneous relief, those requests are denied.

4